**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARGARITO HERNANDEZ SANTOS,
*on behalf of himself and all others similarly situated,*

        Plaintiff,

    v.

NUVE MIGUEL CORP. d/b/a KEY FOODS,
LUIS H URGILES, KLEVER URGILES,
and ANA URGILES

        Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff MARGARITO HERNANDEZ SANTOS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class Action Complaint against Defendants NUVE MIGUEL CORP. d/b/a KEY FOODS ("Corporate Defendant"), LUIS H URGILES, KLEVER URGILES, and ANA URGILES ("Individual Defendants," collectively with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that Defendants willfully filed fraudulent information returns regarding Plaintiff and Class members with the Internal Revenue Service ("IRS"), in violation of 26 U.S.C. § 7434.

1

2.      Plaintiff further alleges that Defendants breached their contract with Plaintiff and Class members by failing to pay employer payroll taxes for Plaintiff and Class members, as required by the Federal Insurance Contribution Act ("FICA").

3.      Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff and Class members.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 because this complaint contains a federal cause of action. The Court has supplemental jurisdiction over Plaintiff's state law breach of contract and unjust enrichment claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Defendants' principal place of business is in this District.

## PARTIES

*Plaintiff*

6.      Plaintiff SANTOS is a resident of New York County.

*Defendants*

7.      Corporate Defendant NUVE MIGUEL CORP. is a corporation organized under the laws of New York and the owner of the Key Foods supermarket located at 755 Amsterdam Avenue, New York, NY 10025.  Its address for service of process is the same.

8. Individual Defendants LUIS H URGILES, KLEVER URGILES, and ANA URGILES are the owners, operators, and officers of Corporate Defendant NUVE MIGUEL CORP.

9. Individual Defendants exercised functional control over the business and financial operations of Corporate Defendant and over the terms and conditions of Plaintiff's and Class members' remuneration. Individual Defendants exercised their power to determine both how and how much employees would be paid.

## STATEMENT OF FACTS

10. Plaintiff worked for Defendants from in or about June 2006 to in or about May 2020. He worked six (6) days a week from 8:00 am to 5:00 pm as a stock person in the produce department.

11. Plaintiff was always paid exclusively in cash. Based on his personal observations, Plaintiff knows that other nonexempt employees were also paid exclusively in cash.

12. As a result of this policy, Defendants failed to provide Plaintiff and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5000 to each Class member for each fraudulent filing, which would have to be at least once a year.

13. In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff and Class members to pay the employer's share of Social Security and Medicare taxes for each employee.

14. Defendants also unjustly enriched themselves at the expense of Plaintiff and Class members by retaining monies that should have been remitted to the IRS on Plaintiff's and Class members' behalf.

15. As a result, Plaintiff and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

16. The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiff and each Class member 7.65% of all their earnings from Defendants beginning six (6) years prior to the filing of this Complaint.

17. Even if Defendants could show that they paid some employees a part of their wages in check and filed the appropriate W-2s for those checks, Defendants would remain liable to those employees for failing to pay FICA taxes on the cash portion of their wages.

18. Plaintiff has retained Lee Litigation Group, PLLC to represent him and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## RULE 23 CLASS ALLEGATIONS

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt current and former employees of Defendants, including but not limited to cashiers, stock persons, counter employees and baggers, who received any part of their wages in cash at any time beginning six (6) years prior to the filing of this Complaint ("the Class").

20. Class Members are readily ascertainable. The number and identity of the Class members, as well as the sum of their wages, are determinable from the records of Defendants. Defendants' records will also reveal whether Defendants filed any W-2s for these employees.

21. For purposes of notice, their names and addresses of Class members are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, such information being presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

23. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Like Plaintiff, other Class Members were denied the benefits of employer FICA payments and had false information about them filed with the IRS.

24. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by experienced class action attorneys.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to

prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants paid Class members any part of their wages in cash;

    b) Whether Defendants paid FICA taxes on whatever portion of employee wages they paid in cash;

    c) Whether Defendants misrepresented to the IRS the FICA payments that Defendants owed or the wages on whose basis Defendants owed these payments;

    d) Whether in hiring Class members, Defendants made an express or implied promise to Class members that Class members would paid according to the law, including the payment of employer FICA taxes.

## STATEMENT OF CLAIM

## COUNT I

**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)**

**(brought individually and on behalf of the Class)**

29. Plaintiff realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

30. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

31. By failing to provide Plaintiff and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

32. Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

33.     Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiff for reasonable attorneys' fees.

## COUNT II

## BREACH OF CONTRACT

### (brought individually and on behalf of the Class)

34.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein and further alleges as follows:

35.     "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co*., 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

36.     When Plaintiff and Class members accepted offers of employment form Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff and Class members in accordance with all applicable laws. This involved, *inter alia*, a duty by abide by the Internal Revenue Code and pay all required FICA taxes.

37.     Defendants breached this duty when they decided to pay Plaintiff and Class members in cash and not file proper W-2. As a result, Plaintiff and Class members lost part of the

benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf but did not.

## COUNT III

## UNJUST ENRICHMENT

### (brought individually and on behalf of the Class)

38. Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

39. To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

40. Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff and Class members because they will either (1) be liable to the IRS for the employer's share or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

41. Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff and Class members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under 26 U.S.C. § 7434 and that Defendants breached their contract with, and/or unjustly enriched themselves at the expense of, Plaintiff and Class members.

b. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them prohibiting them from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of $5,000 in statutory damages to Plaintiff and each Class member under 26 U.S.C. § 7434;

d. Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class members' retirement through FICA contributions;

e. Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

f. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees;

g. Designation of this action as a class action pursuant to F.R.C.P. 23;

h. Designation of Plaintiff as Representative of the Class and Plaintiff's Counsel as Class counsel; and

i. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 2, 2022                             Respectfully submitted,

                                            By:    /s/ C.K. Lee
                                                   C.K. Lee (CL 4086)

                                                   LEE LITIGATION GROUP, PLLC
                                                   C.K. Lee (CL 4086)
                                                   Anne Seelig (AS 1976)
                                                   148 West 24th Street, Eighth Floor
                                                   New York, NY 10011
                                                   Tel.: 212-465-1188
                                                   Fax: 212-465-1181

                                                   *Attorneys for Plaintiff and the Class*