**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARGARITO HERNANDEZ SANTOS, *on behalf of himself, FLSA Collective Plaintiffs, and the class,*<br><br>                                        Plaintiff,<br><br>         -against-<br><br>NUVE MIGUEL CORP. d/b/a KEY FOODS, LUIS H. URGILES, KLEVER URGILES, and ANA URGILES,<br>                                        Defendants | **Case No.: 1:22-cv-00899** |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE**

I, C.K. Lee, an attorney duly admitted to practice law in the State of New York, declare under penalty of perjury:

1.      I am a partner at the firm of Lee Litigation Group, PLLC ("LLG") in New York, New York, Plaintiff's counsel herein.

2.      I am the lawyer primarily responsible for the prosecution of Plaintiff's claims on behalf of the class in this matter.

3.      I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**NATURE OF PLAINTIFF'S CLAIMS**

4.      Plaintiff Margarito Hernandez Santos (hereinafter, "Plaintiff"), a former employee of Defendants, filed two separate actions against Defendants, alleging various violations of federal and state law in connection with his employment.  Plaintiff has alleged that Defendants willfully

filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434, and that Defendants breached their contract with Plaintiff by failing to pay employer payroll taxes for Plaintiff and class members, as required by the Federal Insurance Contribution Act ("FICA"). Defendants maintain their position that the claims lack any merit.

5.      Plaintiff also brought claims under the Fair Labor Standards Act as amended, 29 U.S.C. §§201 et. seq. ("FLSA") and the New York Labor Law ("NYLL") under case no. "21-cv-1335", alleging, inter alia, that Defendants failed to pay him and Class Members their proper wages, due to Defendants' improper policy of time-shaving and failed to pay the proper spread of hours premium. Plaintiff further allege that Defendants failed to meet the NYLL's requirements on wage statements and notices.  Defendants disclaim any wrongdoing or violation of any wage and hour laws.

**INVESTIGATION AND DISCOVERY**

6.      Before filing the Litigations, Plaintiff's Counsel conducted a thorough investigation. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and the likelihood of class certification, both on the false filing claims and wage and hour claims.

7.      LLG had in-depth interviews with Plaintiff. LLG also obtained documents and data from the Plaintiff that helped evaluate the risks of the case.

8.      In preparation for the class mediation, Defendants produced 214 time cards for Plaintiff and Class Members, sample warning reports and employee introduction package. Based on the documents produced by Defendants for discovery and mediation, Defendant Klever Urgiles's deposition testimony and Plaintiff's testimony, Plaintiff's counsel asserts that he was able to determine the potential damages owed to Plaintiff and the Class Members.

9. Plaintiff's Counsel has provided a benefit to the class and the judicial system by agreeing to cooperate in the prosecution and settlement of this case.

**SETTLEMENT NEGOTIATIONS**

10. The parties held a full-day mediation session on May 2, 2022, conducted by Martin Scheinman of Scheinman Arbitration & Mediation Services, a well-regarded mediator with extensive experience mediating class settlements.

11. In advance of the mediation, both parties submitted detailed mediation statements that explained the claims and defenses, noted their respective vulnerabilities, acknowledged risk, and explained the damage calculations each had performed based on the documents produced by the parties for such purposes.

12. The parties reached a settlement in principle during mediation and, during the weeks thereafter, continued negotiating the terms of the class settlement, which was memorialized in the Class Settlement Agreement ("Settlement Agreement") fully executed on May 16, 2022.

13. At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

**SETTLEMENT AGREEMENT**

14. The $450,000 settlement amount is a compromise figure. In reaching the settlement, Plaintiff's Counsel took into account the risks of establishing liability, and also considered the time, delay, and financial repercussions in the event of trial and appeal by Defendants. Although Plaintiff believes his claims have merit, he recognizes the legal, factual and procedural obstacles to recovery, as Defendants have and will continue to vigorously contest Plaintiff's claims if the Action does not settle.

15.     In light of the strengths and weaknesses of each of the cases, Plaintiff's Counsel believes the settlement easily falls within the range of reasonableness because it achieves a significant benefit for Plaintiff and the Class Members in the face of significant obstacles.

16.     The settlement negotiations were at all times hard fought and arm's length, and they have produced a result that Plaintiff's Counsel believes to be in the best interests of the Class Members in light of the costs and risks of continued litigation.  Moreover, in our estimation, and based on the data provided by both Plaintiff and Defendants, the settlement represents a significant percentage of the recovery that Plaintiff would have achieved had they prevailed on all of their claims and survived an appeal, and a substantial portion of what Defendants would be able to pay if faced with a judgment.

17.     Under the Settlement Agreement, any Class Member who redeems a settlement check containing opt-in acknowledgment language will opt into the Fair Labor Standards Act ("FLSA") collective action and release his or her FLSA claims. By not opting out, Class Members will release their wage and hour claims under the NYLL, as well as their claims under 26 U.S.C. § 7434 and the Federal Insurance Contribution Act.

18.     The allocation formula accounts for the number of weeks in which each Class Member was employed by Defendants during the relevant class period between February 16, 2015 and May 16, 2022 ("Relevant Period"), relative to the aggregate number of weeks during which all Class Members were employed by Defendants during the Relevant Period. As such, the allocation formula is fair and reasonable because it will provide each Class Member who does not opt out of the settlement with an individual settlement payment that is proportional to their time employed by Defendants.

**MY BACKGROUND AND EXPERIENCE**

19.    I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture.  I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997.  I was admitted to the New York bar in 1998.  I am also admitted to the bars of the U.S. Supreme Court, the Second Circuit Court of Appeals, and the United States District Courts for the Eastern, Southern, Western and Northern Districts of New York. I am a member in good standing of each of these bars.  I have served as lead counsel in numerous wage and hour class and collective actions.

20.    Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel.

21.    Since April 2009, a substantial portion of my practice has been prosecuting wage and hour class and collective action cases.

22.    I have been appointed as lead counsel in almost 100 wage and hour cases that district courts have certified as class actions and/or collective actions. *See the complete list of these actions attached.*

23.     Likewise, courts have repeatedly found LLG to be adequate class counsel in such wage and hour class actions.

**CLAIMS ADMINISTRATION**

24.    The Parties have agreed to retain Arden Claims Service LLC, an administration company under common control of Plaintiff's counsel, to administer the settlement.

25.    There are approximately no more than 200 Class Members.

**EXHIBITS**

26.     Attached as **Exhibit A** is a true and correct copy of the fully executed Settlement Agreement.

27.     Attached as **Exhibit B** hereto is the proposed Notice of Proposed Class Action Settlement ("Class Notice").

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 3, 2022

Lee Litigation Group, PLLC

*/s/ C.K. Lee*
C.K. Lee, Esq.
148 West 24th Street, Eighth Floor
New York, New York 10011
Telephone: (212) 465-1188
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*