USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARITO HERNANDEZ SANTOS,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

                            Plaintiff,

-against-

NUVE MIGUEL CORP. d/b/a KEY FOODS, LUIS H. URGILES, KLEVER URGILES, and ANA URGILES,

                            Defendants.

No. 22-CV-899
No. 21-CV-1335

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR (1) CERTIFICATION OF SETTLEMENT CLASS, FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND APPROVAL OF FLSA SETTLEMENT (DKT. 50); (2) APPROVAL OF SERVICE AWARD (DKT. 53); AND (3) APPROVAL OF ATTORNEYS' FEES (DKT. 55)**

The Parties entered into a final settlement totaling $450,000 on May 12, 2022 in a Class Settlement Agreement ("Settlement Agreement"), and Plaintiff filed for preliminary approval of the settlement on June 3, 2022, which, for settlement purposes only, Defendants did not oppose. (Declaration of C.K. Lee in Support of Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 8.)

On August 25, 2022, this Court entered an order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing Arden Claims Service LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). (Dkt. 45.)

1

On February 10, 2023, Plaintiff filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only, Defendants did not oppose. That same day, Plaintiff also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for a Service Award ("Motion for Service Award"). The motions were unopposed and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on February 27, 2023. No Class Member appeared or objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees Costs and Expenses, the Motion for Service Award, and the supporting declarations, the oral argument presented at the February 27, 2023 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the February 27, 2023 fairness hearing, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.

5. The Court confirms as final the appointment of Plaintiff MARGARITO HERNANDEZ SANTOS, as representative of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

8. Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.

9. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations, after experienced counsel had evaluated the merits of Plaintiff's claims through factual and legal investigation, and with the assistance of a skilled, neutral mediator. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10. The settlement is also substantively fair. All of the factors set forth in

*Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). The Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See Grinnell*, 495 F.2d at 463.

11. The Court also finds that the Class reaction to the settlement was positive, as no Class Member objected to the settlement.

12. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Settlement Agreement.

13. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel their requested fees of One Hundred Fifty Thousand Dollars and Zero Cents ($150,000), one-third of the Settlement Fund, plus additional costs and expenses of 9,346.88, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class

Counsel's recognized experience and expertise in the market.

14.     The Court approves and finds reasonable the service award of Ten Thousand Dollars ($10,000) to the Named Plaintiff, in recognition of the services he rendered on behalf of the class. This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement.

15.     The Court approves and finds reasonable the payment of the Settlement Administrator's fees to Arden Claims Service in the amount of Twenty-Five Thousand Dollars ($25,000), which shall be paid by or on behalf of Defendants, out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement.

16.     The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff and the Class, individually or collectively, all such liability being expressly denied by Defendants.

17.     The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

The Clerk of Court is respectfully requested to terminate all motions and close these cases.

Dated:  February 28, 2023.                SO ORDERED:

_____
Robert W. Lehrburger
United States Magistrate Judge